1

2

3                        UNITED STATES DISTRICT COURT

4                        NORTHERN DISTRICT OF CALIFORNIA

5

6   DARRELL D. FOLEY,

7              Plaintiff,                    No. C 07-0402 PJH

8         v.                                 **ORDER DISMISSING COMPLAINT**

9   TOM BATES, et al.,

10             Defendants.
    _____/

11

12        Plaintiff Darrell D. Foley ("plaintiff") filed the instant complaint on November 14,

13   2006.  It was removed on January 22, 2007 pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1).

14   Now before the court is the motion of defendants Tom Bates, Boona Cheema and Mary

15   Duley ("moving defendants") to dismiss plaintiff's complaint.  Having carefully reviewed the

16   parties' papers and considered their arguments and the relevant legal authority, and good

17   cause appearing, the court hereby GRANTS the moving defendants' motion for the

18   following reasons.

19                              **BACKGROUND**

20        Plaintiff is a resident of Alameda County, California who resides in a transitional

21   housing facility located at 2240 Ninth Street in Berkeley, owned by the City of Berkeley and

22   operated by Building Opportunities for Self-Sufficiency ("BOSS").  Complaint for False

23   Imprisonment, Assault & Battery, Invasion of Privacy, and Trespass ("Complaint") at 3.

24   Plaintiff rents from BOSS.  He brings the instant action against four separate defendants:

25   Tom Bates ("Bates"), the Mayor of Berkeley, whom plaintiff sues in his official capacity only;

26   Boona Cheema ("Cheema"), alleged Director of BOSS, whom plaintiff sues in her individual

27   and official capacities; Mary Duley ("Duley"), alleged BOSS employee, whom plaintiff sues

28   in her individual and official capacities; and Hataitip Feng ("Feng"), alleged Community

United States District Court
For the Northern District of California

1  Planning and Development Director of the United States Department of Housing and Urban

2  Development ("HUD")[1], whom plaintiff sues in her official capacity only.  Complaint at 2.

3      Plaintiff's complaint generally takes issue with numerous aspects of BOSS'

4  transitional housing program and its treatment of plaintiff and his tenancy.  While the

5  complaint is non-sensical in parts, the court construes it liberally in order to give plaintiff the

6  benefit of the doubt where possible.

7      Plaintiff alleges that he terminated his Transitional Housing Placement Contract, but

8  defendants ignored this notice of termination, despite acknowledging receipt of service of

9  that termination.  Complaint at 3, 9, 12.  Plaintiff allegedly terminated his contract because

10  BOSS breached its professional service obligations under the contract by failing to provide

11  standard weekly visits and on-site counseling for the entire 2006 year.  Id. at 10.  In

12  addition, plaintiff claims defendants "do not have any legally qualified social worker[s]" to

13  carry out those obligations and conducted case management with illegal drug addicts and

14  janitors "impersonating social workers."  Id. at 11-12.  He generally complains that

15  defendants failed to adequately train and educate their employees, monitor persons in

16  transitional housing facilities, evaluate them under the program, provide adequate social

17  work supervision to people in transitional housing programs, and provide other required

18  services.  Id. at 27-28.

19      Plaintiff also alleges that on November 2, 2006, a Berkeley City employee went into

20  all private bedrooms without consent or prior notice of occupants, trespassing and violating

21  the Landlord-Tenant Act.  Id. at 3, 15.

22      Plaintiff's main complaint is that he was "assaulted" by defendants, who trespassed

23  on his property.  Id. at 8.  According to plaintiff, on October 10, 2006 around 11:00 p.m.,

24  _____

25      [1]    Because Ms. Feng, has not joined the moving defendants' motion, this order
does not affect claims against the federal defendant.  The court, however, notes that Ms. Feng
26  moved for dismissal and for summary judgment on May 1, 2007, and it does appear that
subject matter jurisdiction is lacking given the immunity of the federal defendant.  The court
27  notes that if plaintiff does wish for his case to be remanded to state court, this could only occur
if plaintiff does not allege any federal claims and does not allege any claims against any
28  federal defendants.

2

**United States District Court**
For the Northern District of California

1  Mary Duley illegally trespassed on the Ninth Street property with an unknown male

2  companion.[2]  Plaintiff was awakened when Ms. Duley came onto the property, as a result of

3  her "loud and party-like trespass."  Id. at 19.  Plaintiff came out of his residence into the

4  *hallway*, where he noted Ms. Duley coming towards him from the opposite direction.

5  According to plaintiff, Ms. Duley passed by him and "intentionally put her shoulder into

6  [p]laintiff as [p]laintiff passed."  Id.  Plaintiff then dialed 911 and reported the alleged

7  assault.  While the police came to investigate, plaintiff sought to press charges against Ms.

8  Duley, but plaintiff does not allege that any actual arrests took place.  Plaintiff claims Duley

9  was trespassing because she had inadequate educational background to be a social

10  worker, plaintiff had terminated his contract, and Duley did not provide advance notice of

11  the visit.  Id. at 5.  It was also an invasion of privacy, because plaintiff had exclusive

12  possession of the second floor of the building at the time of the alleged incident.  Id. at 30.

13  Plaintiff does not claim that Ms. Cheema was involved in the assault, but alleged Ms.

14  Cheema knew that dozens of grievances were filed against Duley, made her go to

15  sensitivity training, and therefore knew that Duley was violent.  Id. at 8.

16      Plaintiff also complains of Boona Cheema's hiring of her spouse, Daniel Cheema

17  (who is not a defendant) because such hiring is a conflict of interest, and he is not a legally

18  qualified social worker.  Ms. Cheema has attempted to "cover her fraudulent appointment

19  of her husband by the drastic move of tweaking a sixteen-year, time-tested organizational

20  chart."  Id. at 42-3.

21      Finally, plaintiff alleges that defendants illegally strip homeless individuals of their

22  welfare funds by illegally charging individuals rent for emergency shelter and charging $320

23  to welfare recipients.  Id. at 43.  He claims that he was double charged since June 2006 for

24  _____

25  [2]  Apparently, plaintiff believes that Ms. Duley's presence on BOSS property was an
illegal trespass, as opposed to a lawful authorized entry by a BOSS employee, based on a
26  Notice of Termination that plaintiff or another unnamed party served on "defendants" on August
1, 2006.  Although the logic of these allegations is not wholly clear, plaintiff appears to believe
27  that, since this notice was served on defendants, defendants were stripped of all authority to
come onto the property.  See Complaint at 16.
28

United States District Court

For the Northern District of California

1    rent, yet defendants continue to accept County of Alameda's $200/month rent checks on

2    plaintiff's behalf. Id. at 55.

3         Plaintiff alleges the following causes of action:  1) breach of contract; 2) trespass; 3)

4    violation of Landlord-Tenant Act; 4) assault and battery; 5) civil conspiracy; 6) negligent

5    supervision and retention; 7) violation of Health and Safety Code sections 1501, 1530,

6    1559; 8) invasion of privacy; 9) negligence; 10) false imprisonment; 11) intentional infliction

7    of emotional distress ("IIED"); 12) negligent infliction of emotional distress ("NIED"); 13)

8    common law fraud, promissory fraud, and negligent misrepresentation; 14) 42 U.S.C. §

9    1983 violation(s); 15) malicious prosecution; and 16) Fourth and Fourteenth Amendment

10   violation(s).

11        Plaintiff has filed at least four actions arising out of his residence at the Ninth Street

12   Facility, including Civil Case No. 06-7294 PJH before this court.  This court dismissed the

13   complaint in Case No. 06-7294 on March 30, 2007 with leave to amend.  The following

14   causes of action alleged in that complaint are also alleged in the present complaint:

15   (1) IIED; (2) NIED; (3) 42 U.S.C. § 1983 violation(s); and (4) Fourth and Fourteenth

16   Amendment violation(s).  That complaint was also brought against Ms. Cheema and Mayor

17   Bates, as well as other defendants, but it was not brought against Ms. Duley and Ms. Feng.

18   However, that complaint did allege facts concerning the alleged assault by Ms. Duley.  This

19   court ordered that plaintiff amend that complaint by April 30, 2007 or it would dismiss the

20   action.  Plaintiff never filed an amended complaint in that action, and the court dismissed

21   Case No. 06-7294 with prejudice on May 7, 2007.

22        Moving defendants now seek to dismiss the instant complaint on the following

23   bases.  First, the claims against Mr. Bates are barred by various immunities or have not

24   been alleged against Mr. Bates.  Second, all of plaintiff's claims fail to state claims upon

25   which relief can be granted and are so vague and ambiguous that moving parties cannot

26   reasonably be required to frame a responsive pleading.  Third, all claims fail to state a

27   claim upon which relief can be granted because they refer generally to defendants even

28

4

1  though it is apparent not all defendants are involved in each claim.  In the alternative,

2  defendants move for a more definite statement.

3                              **DISCUSSION**

4      A.    Legal Standard

5          A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a

6  claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of

7  the claim which would entitle the plaintiff to relief.  See, e.g., Broam v. Brogan, 320 F.3d

8  1023, 1033 (9th Cir. 2003) (citations omitted).  In evaluating a motion to dismiss, all

9  allegations of material fact are taken as true and construed in the light most favorable to

10  the nonmoving party.  See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d

11  661, 663 (9th Cir. 2000) (citations omitted).

12          Federal Rule of Civil Procedure 8 requires that a complaint "contain ... a short and

13  plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

14  8(a).  Under the "notice pleading" standard embraced by Rule 8, a plaintiff must include

15  "sufficient allegations to put defendants fairly on notice of the claims against them."

16  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

17      B.    Moving Defendants' Motion

18          Plaintiff's amended complaint is not a model of clarity.  Nonetheless, construing

19  plaintiff's amended complaint as liberally as possible, plaintiff's amended complaint

20  purports to state the multiple causes of action described above.  Analysis of plaintiff's

21  allegations as to each claim, however, demonstrates that defendants are correct in their

22  arguments, and plaintiff's complaint must be dismissed for failure to state a claim.

23          As an initial matter, the court finds that the complaint must be dismissed because it

24  fails to put each defendant on notice of the claim or claims being asserted against him/her.

25  Plaintiff does not allege his specific claims against any specific defendant.  Rather, he

26  generally alleges all claims against "all defendants," without identifying which defendant is

27  responsible for his alleged injuries.  This is an impermissible attempt to sweep all four

28

United States District Court
For the Northern District of California

5

United States District Court

For the Northern District of California

1    defendants into the lawsuit without making specific allegations as to any.  See McKeever v.

2    Block, 932 F.2d 795, 798 (9th Cir. 1991) (plaintiff must include "sufficient allegations to put

3    defendants fairly on notice of the claims against them").

4         Moreover, despite the broadly worded assertions of the complaint, it is obvious that

5    plaintiff's claims cannot even be asserted against all defendants.  Specifically, Berkeley

6    Mayor Tom Bates is sued in his official capacity.  In California, however, government

7    liability exists solely pursuant to statute, not common law.  Cal. Gov. Code § 815(a).  See

8    also Tolan v. State of California, 100 Cal. App. 3d 980, 986 (1979) (exclusive basis of

9    public entity tort liability is statutory).  Therefore, plaintiff's common law claims (claims 1-2,

10   4-6, 9-13, 15) are barred as to defendant Bates, as plaintiff fails to allege a statutory basis

11   for these claims, and are dismissed without leave to amend.

12        In addition, with respect to all of plaintiff's claims against Mayor Bates, including his

13   statutory and constitutional claims, Mayor Bates is immune from liability for injuries caused

14   by acts or omission of the City of Berkeley, BOSS, or BOSS's employees.  See Cal. Govt.

15   Code §§ 820.8-820.9.  Furthermore, "[e]xcept as otherwise provided by statute, a public

16   employee is not liable for an injury resulting from his act or omission where the act or

17   omission was the result of the exercise of the discretion vested in him, whether or not such

18   discretion be abused."  Cal. Govt. Code § 820.2.  The complaint does not state facts

19   alleging that Mayor Bates had any involvement in any of the acts complained of in the

20   complaint.  The complaint acknowledges that plaintiff's landlord is BOSS, and alleges that

21   defendant Duley, not Mayor Bates carried out the acts complained of.  Nor does plaintiff

22   allege that Mayor Bates had any role in supervising or retaining BOSS employees.  Plaintiff

23   does not allege that any defendant was an employee or agent of Mayor Bates or that he

24   supervised any defendant.  Therefore, all claims against Mayor Bates are dismissed

25   without leave to amend.

26        While the above observations are sufficient to warrant dismissal of plaintiff's claims

27   against defendants, the court nonetheless turns to the merits of each of the causes of

28

                                              6

action asserted by plaintiff.  As explained below, in addition to the problems already noted above, plaintiff fails to allege facts supporting each separate cause of action.  Thus, even if plaintiff had placed each defendant on notice of the violations alleged against each defendant, and even if Mayor Bates were not entitled to immunity, plaintiff's complaint would still be dismissed for failure to state a claim as to all causes of action.

### 1.    Breach of Contract

Plaintiff asserts a claim for breach of contract.  A cause of action for breach of contract must allege four elements: (1) the existence of a valid contract between the parties; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's unjustified or unexcused failure to perform; and (4) damages to plaintiff caused by the breach.  See Lortz v. Connell, 273 Cal. App. 2d 286, 290 (1969); CACI 300, 303.

Plaintiff alleges that he has contracts for periodic tenancy and professional service. He alleges that he terminated his Transitional Housing Placement Contract and that defendants ignored this notice of termination, despite having notice of it.  See Complaint at 3, 9, 12.  It also seems that plaintiff alleges that BOSS breached its professional service obligations under the contract by failing to provide standard weekly visits and on-site counseling and for failing to have legally qualified social workers on staff.  Id. at 10-11.

Plaintiff, however, fails to allege facts concerning the terms of the above alleged contracts.  He fails to allege that he performed under the contracts.  He fails to allege how he was harmed by the alleged breaches.   He also fails to allege who are parties to the contracts.  There are no allegations that any of the named defendants were parties to any contract with him.  The only inference is that he and BOSS are parties to the contract, based on the fact that plaintiff rents from BOSS.  However, this is of no avail, since BOSS is not named as a defendant.   In addition, plaintiff's repeated assertions that none of the alleged contracts between him and BOSS are enforceable and that all are void directly undercut this cause of action.  Because plaintiff fails to allege facts concerning these elements, the court dismisses the cause of action.

United States District Court
For the Northern District of California

1

2.     Trespass

2      Plaintiff also asserts a claim for trespass.  Trespass is a physical invasion of the

3   plaintiff's interest in the exclusive possession of his land.  Wilson v. Interlake Steel Co., 32

4   Cal. 3d 229, 233 (1982); Kapner v. Meadowlark Ranch Assn., 116 Cal. App. 4th 1182,

5   1189 (2004) (tenant in common cannot trespass on commonly owned property).  Plaintiff

6   alleges that on November 2, 2006, a Berkeley City employee went into all private bedrooms

7   of the "entire property" without consent or prior notice of occupants.  Complaint at 3, 15.

8   He also alleges that Ms. Duley went into the hallway of the Ninth Street facility.  Id.

9      As for defendants Mr. Bates and Ms. Cheema, there are no allegations that either

10  entered the Ninth Street Facility, and the action for trespass must be dismissed as to these

11  defendants, as plaintiff has not alleged they invaded any property interest of his.  On the

12  basis of these facts, plaintiff cannot allege trespass against these defendants.

13     As for the allegations regarding the Berkeley City employee, neither the City nor the

14  employee are named defendants, so this allegation fails to state a cause of action for

15  trespass against the named defendants.  As to defendant Duley, while plaintiff alleges that

16  she entered the hallway of the Ninth Street facility, he does not allege that she entered his

17  bedroom or any non-common area on the property.  Rather, he alleges that he rented from

18  BOSS, and that she is an employee of BOSS.  Because plaintiff only alleges that defendant

19  Duley entered common area of the facility operated by her employer and does not allege

20  that she entered his private rented space in the facility over which he has exclusive

21  possession, plaintiff has failed to allege a cause of action for trespass.  See Kapner, 116

22  Cal. App. 4th at 1189.  While plaintiff seems to allege that she had no right to be there

23  because he terminated his contract, this does not affect BOSS's and its employees right to

24  be in hallways of the transitional facility.  Accordingly, this cause of action is dismissed with

25  leave to amend against Ms. Duley only.

26     3.     Landlord-Tenant Act

27     Plaintiff alleges a violation of Cal. Civ. Code § 1942.5, which provides for civil liability

28

United States District Court

For the Northern District of California

1  of "[a]ny lessor or agent of a lessor who violates this section."  Cal. Civ. Code § 1942.5(f).

2  While defendants maintain that plaintiff fails to state a claim because he alleges that BOSS

3  is his landlord, and BOSS is not a defendant, a landlord's "agent" can be liable under the

4  statute.  Id.  Plaintiff alleges that Ms. Duley is a BOSS employee.

5         However, that code provision only provides recovery for certain types of retaliation,

6  prohibiting the lessor from "recover[ing] possession of a dwelling in any action or

7  proceeding, caus[ing] the lessee to quit involuntarily, increas[ing] the rent, or decreas[ing]

8  any services within 180 days of any of the following."  Cal. Civ. Code § 1942.5(a).  Plaintiff

9  alleges that defendants' retaliation is evidenced by Ms. Duley's alleged trespass and

10 assault and battery.  See Complaint at 17.  However, this type of retaliation is not

11 prescribed by the statute, and plaintiff fails to allege any actionable retaliation.  There are

12 no allegations of retaliation with regards to defendants Mr. Bates and Ms. Cheema.  In

13 addition, plaintiff also complains that Ms. Duley violated the Act by entering his dwelling

14 without notice.  While a "landlord may enter the dwelling unit" only in certain cases, plaintiff

15 does not allege that Duley entered his dwelling unit.  Cal. Civ. Code § 1954.  Accordingly,

16 this cause of action is dismissed with leave to amend against Ms. Duley only.

17                    4.    Assault and Battery

18        Plaintiff asserts a claim for both assault and battery.  Generally speaking, an assault

19 is a demonstration of an unlawful intent by one person to inflict immediate injury on the

20 person of another then present.  See Lowry v. Standard Oil Co., 63 Cal. App. 2d 1, 6-7

21 (1944).  The elements of assault are:  (1) defendant acted, intending to cause harmful or

22 offensive contact; (2) plaintiff reasonably believed that he was about to be touched in a

23 harmful or offensive manner; (3) plaintiff did not consent to defendant's conduct; (4) plaintiff

24 was harmed; and (5) defendant's conduct was a substantial factor in causing plaintiff's

25 harm.  A touching is offensive if it offends a reasonable sense of personal dignity.  See

26 CACI § 1301.

27        The elements of a cause of action for battery are:  (1) defendant intentionally did an

28

9

United States District Court

For the Northern District of California

1    act which resulted in a harmful or offensive contact with plaintiff; (2) plaintiff did not consent

2    to the contact; and (3) the conduct caused injury, damage, loss, or harm to plaintiff.  See

3    Ashcraft v. King, 228 Cal. App. 3d 604, 611 (1991).

4         Plaintiff does not allege any physical contact with any of the defendants other than

5    Ms. Duley.  Plaintiff alleges that Ms. Duley intentionally put her shoulder into him as she

6    passed him in the hallway.  Complaint at 19.  However, plaintiff fails to allege that this

7    contact caused him any injury or harm.  Nor does he allege that pushing a shoulder into

8    him was harmful or offensive, as a touching is only offensive if it offends a reasonable

9    sense of personal dignity.  See CACI § 1301.  Accordingly, this cause of action is

10   dismissed with leave to amend against Ms. Duley only.

11                  5.    Civil Conspiracy

12        Plaintiff alleges that the defendants conspired with one another.  The elements of a

13   civil conspiracy are "(1) the formation and operation of the conspiracy; (2) the wrongful act

14   or acts done pursuant thereto; and (3) the damage resulting." Mosier v. S. Cal. Physicians

15   Ins. Exch., 63 Cal. App. 4th 1022, 1048 (1998).   The first element requires an agreement

16   by two or more persons to commit a wrongful act.  Such an agreement may be made orally

17   or in writing or may be implied by the conduct of the parties.  See CACI § 3600.

18        To the extent that plaintiff's other tort causes of action fail, his conspiracy cause of

19   action fails, because conspiracy "is not a cause of action, but a legal doctrine that imposes

20   liability on persons who, although not actually committing a tort themselves, share with the

21   immediate tortfeasors a common plan or design in its perpetration." See Applied

22   Equipment Corp. v. Litton Saudi Arabia Ltd., 7 Cal.4th 503, 510-11 (1994).

23        In addition, and independent of those reasons, plaintiff fails to allege facts of the

24   underlying agreements that form the basis of the conspiracy, and he fails to allege which

25   defendants entered into these agreements.  He does allege that Ms. Cheema and Ms.

26   Duley have conspired to do the lawful act of a social worker in an unlawful way, that they

27   shared the objective of forcing plaintiff to vacate the property, and that they had a meeting

28

United States District Court

For the Northern District of California

of the minds to reward Ms. Duley with the position of social worker.  Complaint at 22.
These allegations, however, do not make clear exactly what wrongful acts were agreed to.
In addition, plaintiff fails to allege how the appointment of Ms. Duley as a social worker
harmed him.  Plaintiff also maintains that there was an agreement to violate his civil rights
that can be inferred from Ms. Duley's gross lack of qualifications and criminal record, but
this is nonsensical, and the complaint fails to allege what was agreed to in terms of
violating his civil rights and who agreed to it.   He also alleges that defendants' agreement
to conspire to conceal the illegality of BOSS transitional programs can be inferred from
uneducated social workers, but the alleged lack of qualifications of one social worker does
not mean that an agreement was made to harass the plaintiff.  Accordingly, this cause of
action is dismissed with leave to amend.

> 6.      Negligence/Negligent Supervision and Retention

Plaintiff asserts claims for "negligent supervision and retention" and negligence.  The
elements of a negligence cause of action are:  (1) legal duty to use good care; (2) breach of
that duty; (3) reasonably close causal connection between that breach and plaintiff's
resulting injury; and (4) loss or damage to plaintiff.  People v. Young, 20 Cal. 2d 832
(1942).

In his sixth cause of action for negligent supervision and retention, Foley alleges that
Daniel Miller-Cheema's appointment was illegal, and that HUD is responsible for his
supervision.  See Complaint at 25.  But plaintiff has not alleged any torts committed by
Daniel Miller-Cheema against him or any resulting injury, and this claim fails.  He also
alleges that Ms. Duley's appointment is illegal due to her lack of qualifications.  However,
he alleges that Ms. Duley's employer is BOSS, who is not a defendant, so plaintiff's claims
for negligent supervision and vicarious liability to hold her employer accountable for "the
torts of its employee" fail, as he has not alleged any causes of action against BOSS.

In his ninth cause of action for negligence, plaintiff maintains that defendants
breached their duties as landlords and property owners by operating substandard housing.

11

United States District Court

For the Northern District of California

1  Foley fails to allege how this duty was breached, how he was harmed, and he fails to assert

2  this cause of action against BOSS, the alleged landlord.  While plaintiff alleges that the City

3  of Berkeley is liable, he does not allege a cause of action against the City.  See id. at 33.

4  Plaintiff also maintains that defendants breached their duty as underwriters, licensees, and

5  program operators by failing to provide comprehensive social programs.  See id. at 31.

6  Plaintiff, however, fails to allege any injury to himself as a result of any of the social

7  programs or personal services run by defendants.

8         Finally, all of plaintiff's negligence allegations are insufficient to establish a legal duty

9  owed from any defendant to plaintiff, which is "imposed by law, assumed by the defendant,

10  or exist[s] by virtue of a special relationship."  Marlene F. v. Affiliated Psychiatric Medical

11  Clinic, Inc., 48 Cal. 3d 583, 590 (1989).  Plaintiff has not alleged any duties imposed on any

12  defendant by law.  He does not allege that any defendant independently assumed any legal

13  duties owed to him.  Nor does he identify a special relationship that would support

14  imposition of a legal duty.  These causes of action are dismissed with leave to amend.

15                     7.    Health and Safety Code Violations

16         Plaintiff alleges that defendants violated the California Community Care Facilities

17  Act, Cal. Health & Safety Code §§ 1501, 1530, and 1559 ("CCCFA").  Section 1501 of the

18  CCCFA sets forth legislative findings, and Section 1530 describes how the State

19  Department of Health shall adopt or amend the rules.  There is no Section 1559, and

20  Section 1559.110 provides for licensing of transitional housing placement facilities and

21  describes what such programs shall provide.  There is no private right of action under this

22  statute for private citizens to sue based on violations by transitional housing placement

23  facilities and their employees.  Accordingly, this claim is dismissed without leave to amend,

24  as it lacks a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696,

25  699 (9th Cir. 1988).

26                     8.    Invasion of Privacy

27         Plaintiff also asserts a claim for invasion of privacy under the California Constitution.

28

**United States District Court**
For the Northern District of California

A plaintiff alleging an invasion of privacy in violation of California's constitutional right to privacy must establish each of the following:  (1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy.  Hill v. National Collegiate Athletic Assn., 7 Cal. 4th 1, 40 (1994).  "If the undisputed material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law."  Id.

Legally recognized privacy interests are generally of two classes: (1) interests in precluding the dissemination or misuse of sensitive and confidential information ("informational privacy"); and (2) interests in making intimate personal decisions or conducting personal activities without observation, intrusion, or interference ("autonomy privacy").  Id. at 35.

In support of his claim, plaintiff first alleges he has an expectation that his personal information would only be disclosed to social workers.  Plaintiff, however, does not allege that his personal information was disclosed to anyone.  Complaint at 29.   He therefore does not allege any dissemination of any sensitive or confidential information.  Plaintiff also appears to be claiming that Ms. Duley's alleged visit to the Ninth Street Facility invaded his privacy.   As for Ms. Duley's alleged visit to the facility, he fails to allege he had a reasonable expectation of privacy in the hallway of the transitional facility in which he lived. While he alleges that he was the sole occupant of the second floor at the time of this incident, he only alleges that she came into the hallway of that second floor.  He does not allege that she came into an area that was not a designated common area.  He also fails to allege any *serious* invasion of his privacy interests, as Ms. Duley is an employee in the transitional shelter who merely went into a common area of the facility.  He does not allege any invasion of privacy by Mr. Bates or Ms. Cheema.  Accordingly, this cause of action is dismissed with leave to amend against Ms. Duley only.

9.    False Imprisonment

13

United States District Court

For the Northern District of California

1    Plaintiff also asserts a claim for false imprisonment, which is the non-

2  consensual, intentional confinement of a person, without lawful privilege, for an appreciable

3  length of time, however short, which causes the plaintiff to suffer harm.  Moko v. Holy Spirit

4  Ass'n, 46 Cal. 3d 1092, 1123 (1988).  A cause of action for false imprisonment will lie (1)

5  where there has been an unlawful arrest followed by imprisonment, or (2) where the arrest

6  is lawful but an unreasonable delay has occurred in taking the person before a magistrate,

7  for so much of the imprisonment as occurred after the period of the reasonable or

8  necessary delay.  City of Newport Beach v. Sasse, 9 Cal. App. 3d 803, 810 (1970).   An

9  arrest involves "taking a person into custody."  Cal. Penal Code § 834.  A defendant cannot

10  be liable for false imprisonment unless he or she takes an active role in bringing about the

11  unlawful arrest.  A person may be said to have actively induced a wrongful arrest which

12  results from a false accusation that directly leads to the arrest.  In the absence of an

13  allegation (or facts showing) that the accusation was of a character as to foreseeably

14  induce an arrest, no cause of action for false imprisonment is stated, however.  Du Lac v.

15  Perma Trans Products, Inc., 103 Cal. App. 3d 937, 943 (1980).

16    Plaintiff bases this cause of action on a citizen's arrest made of him without probable

17  cause by Ms. Duley.  He does not allege that she confined him at all, took him into custody,

18  or that she made a false statement to the police that foreseeably induced his arrest.  Nor

19  does he allege that he was confined or imprisoned at all, let alone intentionally confined for

20  an appreciable length of time.  He does not allege that any other defendant was involved in

21  this alleged citizen's arrest.  Accordingly, this cause of action is dismissed with leave to

22  amend against Ms. Duley only.

23         10.    IIED and NIED

24    Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED").  The

25  elements of a claim for IIED are (1) extreme and outrageous conduct by the defendant with

26  the intention of causing, or reckless disregard of the probability of causing, emotional

27  distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual

28

14

United States District Court

For the Northern District of California

1    and proximate causation of the emotional distress by the defendant's outrageous conduct.

2    See, e.g., Cervantes v. J.C. Penney Co., 24 Cal. 3d 579, 593 (1979); see also Christensen

3    v. Superior Court, 54 Cal. 3d 868, 904-05 (1991).

4         Plaintiff alleges his emotional distress resulted from the threat of being evicted and

5    made homeless again.  That threat was made through "continuous constructive evictions

6    and assaults" based on the following facts.  Complaint at 35.  First, a City of Berkeley

7    employee measured the property and went into all private bedrooms without consent.

8    Second, Ms. Duley and her guest came on the premises late at night in the hallway outside

9    of plaintiff's room and Ms. Duley "intentionally put her shoulder into plaintiff."

10        These allegations are insufficient to support plaintiff's IIED claim.  First, as has been

11   previously noted, the City of Berkeley is not a defendant.  Regarding the allegations about

12   Ms. Duley, plaintiff fails to plead facts showing that the alleged conduct was "beyond all

13   bounds of decency" and therefore "outrageous."  To be outrageous, conduct must be so

14   extreme as to exceed all bounds of conduct which usually is tolerated in a civilized

15   community.  See Christensen, 54 Cal. 3d at 903.  Plaintiff's allegation that defendant Duley

16   pushed her shoulder into him does not suffice.  While plaintiff alleges that a number of

17   relatively serious physical symptoms have resulted from his fear of being evicted and

18   homeless again, he alleges that he still lives at the Ninth Street Facility.  In addition, his

19   claim that the alleged measuring of the premises by a city employee and the single

20   shoulder pushing incident caused such emotional distress and a fear of being homeless

21   again is nonsensical on its face, and the necessary causal connection is lacking.

22        Plaintiff also alleges a claim of negligent infliction of emotional distress.  In

23   California, there is no independent tort of negligent infliction of emotional distress.  See

24   Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 981 (1993).  Negligent infliction of

25   emotional distress is merely a form of the tort of negligence.  See Huggins v. Longs Drug

26   Stores California, Inc., 6 Cal. 4th 124, 129 (1993).  Thus, to establish a claim for negligent

27   infliction of emotional distress, the plaintiff must set forth each of the elements of

28

United States District Court

For the Northern District of California

1  negligence: (1) duty; (2) negligent breach of duty; (3) legal cause; and (4) damages caused

2  by the negligent breach.  See Friedman v. Merck & Co., 107 Cal. App. 4th 454, 463 (2003).

3        There is no duty, however, "to avoid negligently causing emotional distress to

4  another...".  Potter, 6 Cal. 4th at 984.  Unless the defendant "has assumed a duty to plaintiff

5  in which the emotional condition of the plaintiff is an object, recovery is available only if the

6  emotional distress arises out of the defendant's breach of some other legal duty and the

7  emotional distress is proximately caused by that breach of duty."  Gu v. BMW of North

8  America, LLC, 132 Cal. App. 4th 195 (2005).  A legal duty "may be imposed by law, be

9  assumed by the defendant, or exist by virtue of a special relationship."  Potter, 6 Cal. 4th at

10  985; Marlene F. v. Affiliated Psychiatric Medical Clinic, Inc., 48 Cal. 3d 583, 590 (1989).

11  Plaintiff cites transitional Housing Statutes (Title 22, division 26) as giving rise to

12  defendants' duties, but, as the court previously noted in its March 30, 2007 Order in

13  plaintiff's related case, there is no law existing by that name or citation, and the court could

14  not confirm that allegations made by plaintiff actually reiterate certain duties imposed on

15  any defendant by law.  Plaintiff has failed to adequately state a claim for negligent infliction

16  of emotional distress for the same reasons he has failed to allege negligence, including his

17  failure to plead duty.  Plaintiff's IIED and NIED claims against Mr. Bates and Ms. Cheema

18  were dismissed with leave to amend in the court's March 30, 2007 order.  Despite being

19  given the chance to amend these claims, plaintiff failed to do so.  Accordingly, the court

20  now dismisses these claims without leave to amend.

21            11.    Fraud

22        Plaintiff also alleges a claim for fraud, promissory fraud, and negligent

23  misrepresentation.  Tortious fraud or deceit occurs when a party "willfully deceives another

24  with the intent to induce him to alter his position to his injury or risk."  Cal. Civ. Code §

25  1709.  It requires misrepresentation of material fact made with the knowledge of its falsity

26  or a knowledge of the effect of concealment of a material fact with the intent to induce

27  reliance, justifiable reliance, and causation and damage.  See Roddenberry v.

28

16

**United States District Court**
For the Northern District of California

1  Roddenberry, 44 Cal. App. 4th 634, 655 (1996).  The misrepresentation must consist of
2  either: the suggestion, as a fact, of that which is not true by one who does not believe it to
3  be true (affirmative misrepresentation); suppression of a fact, by one who is bound to
4  disclose it or who gives information of other facts which are likely to mislead for want of
5  communication of that fact (concealment); or a promise made without any intention of
6  performing it (false promise).  Cal. Civ. Code § 1710.

7      Negligent misrepresentation may occur if a party to a contract makes an
8  unwarranted and untrue assertion, believing the assertion to be true and intending to
9  induce another party to enter in the contract.  It may also occur outside a contractual
10  setting if a person asserts as a fact which is not true, having no reasonable ground for
11  believing it to be true, and intending that the plaintiff rely upon the assertion.  Cal. Civil
12  Code §§ 1572(2), 1709, 1710.  The elements are: (1) untrue representation as to a past or
13  existing material fact; (2) made without any reasonable ground for believing it to be true; (3)
14  made with the intent to induce reliance; (4) justifiable reliance; and (5) causation and
15  damage.  See Fox v. Pollack, 181 Cal. App. 3d 954, 962 (1986).

16      Plaintiff alleges that representations were made by BOSS, "Cheema", "Jordan", and
17  "Isaacs" that they operated a legitimate program that would assist plaintiff in finding
18  permanent housing.  He claims these false statements were made with the intent to induce
19  reasonable reliance and caused him damages.  In particular, he claims Ms. Cheema has
20  committed fraud through reports she files with the City of Berkeley showing she has placed
21  hundreds of individuals into permanent housing.  Complaint at 39.  He also alleges that
22  BOSS and the City of Berkeley lacked capacity to enter into the transitional housing
23  contract, since they have no statutorily compliant programs and professionals.  Plaintiff also
24  lists a litany of other illegal and other bad acts committed by BOSS, the City of Berkeley,
25  Daniel Cheema, Ms. Duley, and Boona Cheema, but none of these even deal with
26  representations made to the plaintiff, let alone intent to induce his reliance.

27      Of the defendants plaintiff alleges committed fraud, only Ms. Duley and Ms. Cheema
28

United States District Court

For the Northern District of California

1    are defendants.  Federal Rule of Civil Procedure 9(b) "requires particularity as to the

2    circumstances of the fraud - this requires pleading facts that by any definition are

3    'evidentiary': time, place, persons, statements made, explanation of why or how such

4    statements are false or misleading."  In re GlenFed, Inc. Sec. Litig., 42 F.3d 1541, 1548 n.7

5    (9th Cir. 1994).  Plaintiff's fraud allegations do not describe what representations were

6    made about the program's legitimacy, when they were made, how such statements are

7    false, and how such statements harmed plaintiff.  The complaint therefore fails to

8    coherently plead the required elements of any of the above fraud theories.  Accordingly,

9    this claim is dismissed with leave to amend.

10                          12.     42 U.S.C. § 1983

11           Plaintiff alleges a claim under 42 U.S.C. § 1983.  Section 1983 "provides a cause of

12   action for the 'deprivation of any rights, privileges, or immunities secured by the

13   Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498,

14   508 (1990).  Section 1983 is not itself a source of substantive rights, but merely provides a

15   method for vindicating federal rights elsewhere conferred.  See Graham v. Connor, 490

16   U.S. 386, 393-94 (1989).  To state a claim under § 1983, a plaintiff must allege two

17   essential elements: (1) that a right secured by the Constitution or laws of the United States

18   was violated; and (2) that the alleged violation was committed by a person acting under

19   color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda

20   County, 811 F.2d 1243, 1245 (9th Cir. 1987).

21           Plaintiff fails to adequately establish either element.  First, the complaint does not

22   adequately identify the statutory or constitutional right that is the basis for plaintiff's section

23   1983 claim.  Indeed, plaintiff's allegations regarding this claim read as a hodgepodge of

24   disjointed statements and conclusory opinions regarding the illegal nature of defendants'

25   actions.  Plaintiff makes reference to various state statutes, that do not qualify as federal

26   rights.  Plaintiff also refers to "malicious prosecution" as a basis for his claim.  But nowhere

27   does he establish that "the defendants prosecuted [him] with malice and without probable

28

                                              18

United States District Court

For the Northern District of California

1   cause, and that they did so for the purpose of denying [him] equal protection or another

2   specific constitutional right."  Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th

3   Cir.2004) (reciting elements for section 1983 claim based on malicious prosecution).

4        Finally, while plaintiff does make reference to his rights under the Internal Revenue

5   Code and various recognized constitutional rights – specifically, the First, Fourth, Fifth and

6   Fourteenth Amendments – plaintiff's allegations in this regard are wholly conclusory, and

7   the court cannot discern any relation between the facts that plaintiff alleges, and the federal

8   amendments he invokes.  See Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982

9   (9th Cir. 1997) (in order for plaintiff to state a claim under section 1983, it must be clear

10  from the face of plaintiff's well-pleaded complaint that there is a federal question).  Plaintiff

11  does assert several free-standing causes of action for violation of each constitutional

12  amendment elsewhere in his complaint.  However, even liberally interpreting these

13  independent claims as brought under section 1983, plaintiff fails to state a claim under any

14  of them, as described in the subsequent analysis.

15       Second, and moreover, even if plaintiff had managed to adequately allege that his

16  federal and/or constitutional rights were violated, plaintiff would still face hurdles in

17  satisfying the second requisite element of a section 1983 claim – i.e., that any alleged

18  violation was committed by a person acting under color of state law.  See West v. Atkins,

19  487 U.S. at 48-49 (person acts under color of state law if he "exercise[s] power possessed

20  by virtue of state law and made possible only because the wrongdoer is clothed with the

21  authority of state law").

22       With respect to Mayor Bates, plaintiff's complaint contains no allegations that he is

23  acting under color of state law.  Generally, a public employee acts under color of state law

24  while acting in his official capacity or while exercising his responsibilities pursuant to state

25  law, but the employee's actions are not taken under color of state law if they are not in any

26  way related to the performance of his duties as a public official .  See Johnson v. Knowles,

27  113 F.3d 1114, 1117 (9th Cir. 1997).  As discussed above, Mayor Bates is protected by

28

United States District Court

For the Northern District of California

1   various immunities, and plaintiff has completely failed to identify any allegations that

2   specifically target Mr. Bates, or demonstrate in any way that he was taking specific actions

3   against plaintiff, let alone that he was exercising any responsibilities pursuant to state law.

4          With respect to Ms. Cheema and Ms. Duley, plaintiff has similarly failed to

5   adequately allege that they are acting under color of state law.  They appear to be private

6   individuals.  Plaintiff alleges that BOSS is a private non-profit organization, for which Ms.

7   Cheema acts as director and Ms. Duley as an employee.   Generally speaking, a private

8   individual does not act under color of state law for purposes of section 1983 liability.  See

9   Gomez v. Toledo, 446 U.S. 635, 640 (1980).  An exception to this rule exists "if, though

10  only if, there is such a close nexus between the State and the challenged action that

11  seemingly private behavior may be fairly treated as that of the State itself."  Brentwood

12  Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295-96 (2001)

13  (internal quotation marks omitted).

14         Here, plaintiff alleges only that BOSS receives 100% of its funding from "the citizens

15  of Berkeley;" that the City of Berkeley owns the Ninth Street property, that BOSS receives

16  "state-granted, complete tax exemptions on any property taxes and income taxes usually

17  charged on a rental property; that BOSS is "the property manager for city-owned

18  premises"; and that BOSS "cannot make a move with the property without the consent of

19  the Mayor, City Counsel, and the Berkeley Housing Authority."  See Complaint at 51.

20  Aside from the insufficiency of some of these allegations on their face (i.e., funding from

21  Berkeley "citizens" does not constitute funding by the State), none of these allegations

22  actually states any facts that embrace Ms. Cheema or Ms. Duley themselves, or otherwise

23  indicate that Ms. Cheema, Ms. Duley, or their role/actions on behalf of BOSS consisted of

24  concerted action with the State, as plaintiff claims.  See, e.g., Complaint at 51; see also

25  Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999) (to be liable under

26  section 1983, the defendant's actions must have caused the alleged violation); May v.

27  Animate, 633 F.2d 164, 167 (9th Cir.1980) ("A [section 1983] plaintiff must allege facts, not

28

United States District Court

For the Northern District of California

1 simply conclusions, that show that an individual was personally involved in the deprivation

2 of his civil rights."). As such, no sufficient nexus has been alleged between Ms. Cheema or

3 Ms. Duley and the State, for purposes of satisfying plaintiff's section 1983 prima facie case.

4 Plaintiff's section 1983 claim against Mr. Bates and Ms. Cheema was dismissed with leave

5 to amend in the court's March 30, 2007 order in the related case.  Plaintiff failed to amend

6 his complaint, and the court now dismisses this claim without any further leave to amend.

7                    13.    Malicious Prosecution

8           Plaintiff also alleges a claim for malicious prosecution.  In order to establish a cause

9 of action for malicious prosecution, a plaintiff must demonstrate that the prior action:

10 (1) was commenced by or at the direction of the defendant and was pursued to a legal

11 termination in plaintiff's favor; (2) was brought without probable cause; and (3) was initiated

12 with malice.  Sheldon Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 871 (1989).  The

13 complaint does not provide any identifying information about the supposed arrest or

14 prosecution.  The underlying allegations for this cause of action are the alleged citizen's

15 arrest by Ms. Duley.  Plaintiff does not allege that any other defendant arrested or

16 prosecuted him.  It is unclear even if there was a prosecution.  While the complaint contains

17 a conclusory allegation that the citizen's arrest by Ms. Duley resulted in criminal

18 prosecution terminated in plaintiff's favor, the complaint explicitly states that the county

19 attorney "did decide not to prosecute, however an arrest without prosecution can serve as

20 a basis of a malicious prosecution cause of action."  Complaint at 52.  The complaint also

21 states that while plaintiff agreed to a mutual arrest at that time of the incident with Mary

22 Duley, the police recanted their offer to arrest plaintiff and Ms. Duley, and stated that the

23 parties would have to perform a citizen's arrest.  Id. at 4-5, 19.

24           In sum, the complaint lacks any identifying information about the arrest and in fact,

25 indicates that there was no arrest.  It lacks any allegations regarding charges made against

26 plaintiff, prosecution of those charges, or legal termination of the prior action.  The

27 complaint also lacks allegations that Ms. Duley acted with malice, and lacks any allegations

28

United States District Court

For the Northern District of California

1    regarding her intent in initiating any alleged prosecution.  Accordingly, this claim is

2    dismissed with leave to amend against Ms. Duley only.

3                       14.      Fourth and Fourteenth Amendments

4         Plaintiff asserts his next cause(s) of action under the Fourth and Fourteenth

5    Amendments.  The Fourteenth Amendment is not self-executing, and can only be brought

6    by plaintiff pursuant to a section 1983 claim.  See Magana v. Com. of the Northern Mariana

7    Islands, 107 F.3d 1436, 1441 (9th Cir. 1997)("[s]ection 1983 is [] the modern-day statute 'to

8    enforce the Provisions of the Fourteenth Amendment to the Constitution.'").  Nonetheless,

9    even construing plaintiff's claims as properly brought, plaintiff fails to state a claim.

10        Construing plaintiff's allegations liberally, it appears that plaintiff alleges that Ms.

11   Duley's trespass and the City of Berkeley employee's trespass violated his Fourth

12   Amendment rights and procedural due process rights.  He also alleges that "defendants

13   have allowed the grossly and blatantly incompetent and most unscrupulous individuals

14   automatic access to Plaintiff's most private and sensitive personal information contained in

15   his case file."  Complaint at 56.  He also claims that defendants ignore the legal

16   requirements of "notice and hearing" to evict persons, but he does not allege eviction.  He

17   also alleges that defendants ignore the requirements and process of licensing social

18   workers.  Complaint at 53.  Foley seems to claim that his real property interest in his rental

19   tenancy and transitional housing contract have been interfered with.

20        The due process clause of the Fourteenth Amendment protects individuals against

21   governmental deprivations of "life, liberty, and property" without due process of law.  See

22   U.S. Const., amend. XIV.  "[T]he touchstone of due process is protection of the individual

23   against arbitrary action of government."  County of Sacramento v. Lewis, 523 U.S. 833, 845

24   (1998)(quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)); see also Squaw Valley

25   Development Co. v. Goldberg, 375 F.3d 936, 948 (9th Cir. 2004).  The due process clause

26   confers both procedural and substantive rights – i.e., due process violations can refer either

27   to a denial of fundamental procedural fairness (procedural due process violations) or the

28

                                          22

United States District Court

For the Northern District of California

1    exercise of power without any reasonable justification in the service of a legitimate

2    governmental objective (substantive due process violations).  <u>See</u> <u>County of Sacramento v.</u>

3    <u>Lewis</u>, 523 U.S. 833, 845-46 (1998).

4         The Fourth Amendment proscribes "unreasonable searches and seizures."  U.S.

5    Const. amend. IV; <u>Allen v. City of Portland</u>, 73 F.3d 232, 235 (9th Cir. 1995).  It applies to

6    the states by operation of the Fourteenth Amendment.  A "seizure" of property occurs when

7    there is some meaningful interference with an individual's possessory interests in that

8    property.  <u>See U.S. v. Jacobsen</u>, 466 U.S. 109, 113 (1984).  The Supreme Court, however,

9    has consistently construed this protection as proscribing only governmental action; it is

10   wholly inapplicable "to a search or seizure, even an unreasonable one, effected by a

11   private individual not acting as an agent of the Government or with the participation or

12   knowledge of any governmental official."  <u>Id</u>.

13        Plaintiff's constitutional claims fail for the same reasons noted in this court's prior

14   order in plaintiff's related case.  Plaintiff fails to allege the requisite "governmental action"

15   that would permit the Fourth Amendment's proscriptions to be applied to Mr. Bates, Ms.

16   Cheema, and Ms. Duley.  As noted above, plaintiff asserts absolutely no factual allegations

17   regarding Mr. Bates' involvement in any alleged seizure, let alone any allegations regarding

18   Mr. Bates' participation with any government entity in connection with the alleged seizures.

19   Even if plaintiff had made such allegations, as a local city official, Mr. Bates cannot be sued

20   under the Fourth Amendment directly, as this amendment binds only the federal

21   government, and the state governments (via operation of the Fourteenth Amendment).

22        As for Ms. Cheema and Ms. Duley, Ms. Cheema is not alleged to have been

23   involved in any of the other "seizure" actions that plaintiff complains of.  As for both Ms.

24   Duley and Ms. Cheema, plaintiff fails to allege supporting facts demonstrating that these

25   individuals were instruments or agents of the government, or were otherwise directly

26   involved in a seizure of plaintiff's property in coordination with the government.  <u>See United</u>

27   <u>States v. Young</u>, 153 F.3d 1079, 1080 (9th Cir.1998) ("The Fourth Amendment limits

28

23

United States District Court

For the Northern District of California

1    searches conducted by the government, not by a private party, unless the private party acts

2    as an 'instrument or agent' of the government.").  It is true that plaintiff alleges that BOSS

3    has connections to, and is acting as the agent of, *local* government.  See Complaint at 54-

4    55.  However, BOSS has not been sued.  Without more, these allegations are insufficient to

5    demonstrate that Ms. Cheema or Ms. Duley were acting as government agents.  And, as

6    just noted, the Fourth Amendment only binds state and federal government actions.

7    Accordingly, plaintiff has not satisfied the governmental action requirement under the

8    Fourth Amendment.

9         Since the plaintiff has not adequately alleged governmental action necessary for his

10   constitutional claims, the court need not reach the merits of these claims.  See Jean v.

11   Nelson, 472 U.S. 846, 854 (1985) (federal courts must consider nonconstitutional grounds

12   for decision before reaching constitutional questions).  However, it should be noted that

13   plaintiff alleges he still lives at the Ninth Street Facility.  Nowhere does he allege that any

14   defendants searched or entered his room at the facility.  He only alleges that defendant

15   Duley entered the hallway.  This claim against Mr. Bates and Ms. Cheema was dismissed

16   with leave to amend in the court's March 30, 2007 order.  Plaintiff failed to amend his

17   complaint, and the court now dismisses this claim without leave to amend.

18                                          **CONCLUSION**

19        In accordance with the foregoing, the complaint is DISMISSED in its entirety.  The

20   dismissal is WITHOUT LEAVE TO AMEND as to all claims against Mayor Bates.  The

21   dismissal is WITHOUT LEAVE TO AMEND as to the following causes of action against all

22   moving defendants:  IIED; NIED; Cal. Health & Safety Code §§ 1501, 1530, and 1559

23   violations; violations of 42 U.S.C. § 1983; and violations of the Fourteenth and Fourth

24   Amendments.  The dismissal is WITHOUT LEAVE TO AMEND the following causes of

25   action as against Ms. Cheema, as plaintiff alleged no facts about her in relation to these

26   claims: trespass; Landlord-Tenant Act; assault and battery; invasion of privacy; and false

27   imprisonment.  The remaining claims are dismissed WITH LEAVE TO AMEND.  In any

28

United States District Court
For the Northern District of California

1   amended complaint, plaintiff must allege separate, properly numbered causes of action;

2   must state a specific constitutional or statutory basis for *each separate cause of action*;

3   must allege facts supporting the elements of each separate cause of action, including the

4   dates of the alleged wrongful acts; must allege facts showing *each defendant*'s personal

5   involvement in the wrongful act alleged in each cause of action; and must allege the

6   resulting harm or injury.  Any amended complaint must be filed no later than **June 14,**

7   **2007**.  If the amended complaint is not filed by that deadline, or if it fails to comply with the

8   directions stated above, the court will dismiss the action.[3]

9   **IT IS SO ORDERED.**

10

11   Dated: May 14, 2007                      _____

12                                PHYLLIS J. HAMILTON
                               United States District Judge

---

[3] In light of the court's order, moving defendants' request for a more definite statement is moot.  The court also DENIES plaintiff's Requests for Judicial Notice, filed on April 17, 2007, as they fail to satisfy the requirements for judicial notice as set forth in Federal Rule of Evidence 201.

25