United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DARRELL D. FOLEY,

    Plaintiff,

    v.

TOM BATES, et al.,

    Defendants.

_____/

No. C 07-0402 PJH

**ORDER DISMISSING COMPLAINT WITH PREJUDICE AS TO ALL DEFENDANTS**

    Plaintiff Darrell D. Foley ("plaintiff") filed the instant complaint on November 14, 2006. It was removed on January 22, 2007 pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1). Now before the court is the motion of federal defendant Hataitip Feng ("Ms. Feng" or "federal defendant"), an employee of the U.S. Department of Housing and Urban Development ("HUD") to dismiss plaintiff's complaint or, in the alternative, for summary judgment. Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the court hereby GRANTS the moving defendant's motion for the following reasons.

**BACKGROUND**

    The background of this case and the details of plaintiff's complaint are fully detailed in this Court's May 14, 2007 Order Dismissing the Complaint (as to the non-federal defendants). Of particular note here, plaintiff did not allege any acts by Ms. Feng or any other HUD employee regarding the Ninth Street property in Berkeley in which plaintiff resides ("Ninth Street Property"). Plaintiff, however, alleged each and every claim against "all defendants."

    In the May 14, 2007 Order, the court granted Tom Bates', Boona Cheema's, and Mary Duley's motion to dismiss the complaint, requiring that any amended complaint must

1 be filed no later than June 14, 2007 or the court would dismiss the action.[1]  The federal
2 defendant now seeks to dismiss the instant complaint on the following bases: (1) the
3 complaint does not comply with Federal Rule of Civil Procedure 8; (2) the court lacks
4 subject matter jurisdiction over the federal defendant because the action is barred by the
5 doctrine of sovereign immunity; and (3) the complaint does not state a claim against Ms.
6 Feng because it fails to allege any specific acts done by her.  In the alternative, defendant
7 moves for summary judgment.

8      In support of its motion, the federal defendant has submitted unrefuted evidence
9 regarding HUD and its activities that relate to this case.  Ms. Feng is a Community Planning
10 and Development ("CPD") representative for HUD.  The CPD administers two types of
11 grants.  The first type is a "formula grant" which is not awarded to non-governmental
12 agencies such as Building Opportunities for Self-Sufficiency ("BOSS") – the agency that
13 plaintiff alleges operated the Ninth Street Property.  Rather, it is awarded to governmental
14 entities, like the City of Berkeley, who then decides how to use the funds.  Larry Wuerstle
15 Decl. ¶¶ 3-8.  The second type of grant is the competitive grant, for which non-profit
16 organizations like BOSS can apply.  HUD's records, however, reflect that BOSS has not
17 applied for and has not been awarded any competitive grant for the Ninth Street Property.
18 Id. ¶ 11.

19 **DISCUSSION**

20    A.   Legal Standards
21        1.   Rule 12(b)(1)

22      Under Rule 12(b)(1), plaintiff bears the burden of establishing subject matter
23 jurisdiction.  In effect, the court presumes lack of jurisdiction until the plaintiff proves
24 otherwise.  See Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873
25 F.2d 1221, 1225 (9th Cir. 1989).  A Rule 12(b)(1) jurisdictional attack may be facial or
26 factual.  In a facial attack, the challenger asserts that the allegations contained in a

---

[1] Plaintiff has not amended his complaint.

complaint are insufficient on their face to invoke federal jurisdiction. In a facial attack, the court must consider allegations of the complaint as true. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction. In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. The court then determines the facts for itself. See Safe Air v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In resolving a facial attack, a motion will be granted if the complaint, when considered in its entirety, on its face fails to allege facts sufficient to establish subject matter jurisdiction. See, e.g., Savage v. Glendale Union High School, 343 F.3d 1036, 1039 n.2 (9th Cir. 2003).

In addition, if a plaintiff fails to exhaust his administrative remedies, the court lacks subject matter jurisdiction. Hymen v. Merit Sys. Protection Bd., 799 F.2d 1421, 1423 (9th Cir. 1986).

### 2. Rule 12(b)(6)

A court should dismiss a claim under Fed. R. Civ. P. 12(b)(6) for failure to state a claim where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief. See, e.g., Broam v. Brogan, 320 F.3d 1023, 1033 (9th Cir. 2003) (citations omitted). In evaluating a motion to dismiss, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000) (citations omitted).

### 3. Rule 8

Federal Rule of Civil Procedure 8 requires that a complaint "contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under the "notice pleading" standard embraced by Rule 8, a plaintiff must include "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991).

4.  Rule 56

Summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FRCP 56(c).  Material facts are those which may affect the outcome of the case.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.  Id.  The court must view the facts in the light most favorable to the non-moving party and give it the benefit of all reasonable inferences to be drawn from those facts.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party meets its initial burden, the opposing party must then set forth specific facts showing that there is some genuine issue for trial in order to defeat the motion.  See Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at 250.  "To show the existence of a 'genuine' issue, . . . [a plaintiff] must produce at least some significant probative evidence tending to support the complaint."  Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir. 1990) (quotations omitted).  The court must view the evidence in the light most favorable to the non-moving party.  United States v. City of Tacoma, 332 F.3d 574, 578 (9th Cir. 2003).  If the nonmoving party fails to show that there is a genuine issue for trial, "the moving party is entitled to judgment as a matter of law."  Celotex, 477 U.S. at 323.

B.  Federal Defendant's Motion

As this court has previously noted, plaintiff's amended complaint is not a model of clarity.  Nonetheless, construing plaintiff's amended complaint as liberally as possible,

4

plaintiff's amended complaint purports to state the multiple causes of action described in the court's May 14, 2007 Order.  The federal defendant, however, is correct in its arguments, and plaintiff's complaint must be dismissed for the following reasons.

As the court has already found, the complaint must be dismissed because it fails to put the federal defendant on notice of the claim or claims being asserted against it.  Plaintiff does not allege his specific claims against any specific defendant.  Rather, he generally alleges all claims against "all defendants," without identifying which defendant is responsible for his alleged injuries.  This is an impermissible attempt to sweep all four defendants into the lawsuit without making specific allegations as to any.  See McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991) (plaintiff must include "sufficient allegations to put defendants fairly on notice of the claims against them").  This is especially true with respect to the federal defendant, because plaintiff does not allege any acts by Ms. Feng or any HUD employee in his factual statement.

Moreover, immunity bars suit here.  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  Sovereign immunity is jurisdictional in nature, and the terms of any waiver of that immunity define a federal court's jurisdiction to entertain suit.  Id.  Plaintiff has not alleged that the federal defendant has waived immunity or consented to suit.  This action is therefore barred by sovereign immunity.

Insofar as plaintiff is attempting to allege tortuous conduct by Ms. Feng, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), 2671-2680 ("FTCA") is the exclusive waiver of sovereign immunity for tort actions against the United States and its agencies and employees acting within the scope of their employment.  See Smith v. United States, 507 U.S. 197, 201 (1993) (citing 28 U.S.C. § 1346(b)).  Under the FTCA, the United States is the only proper party defendant.  See 28 U.S.C. § 2679(a); Kennedy v. United States Postal Serv., 145 F.3d 1077, 1078 (9th Cir. 1998).  In addition, a key prerequisite to filing suit under the FTCA is the presentation of an administrative claim to the government

within two years of the alleged incident (or commencement of the action within six months after the agency mails a notice of final denial of the claim). See 28 U.S.C. § 2401(b).

The United States is the only proper federal defendant under the FTCA, and Ms. Feng must be dismissed as a plaintiff. More significantly, however, plaintiff has not shown that sovereign immunity has been waived pursuant to the FTCA. Nor has plaintiff exhausted his administrative remedies under the FTCA, as he did not file a written claim with HUD prior to filing suit. See Culpepper Decl. ¶ 3.

In addition, dismissal based on sovereign immunity must be without leave to amend because plaintiff's "HUD oversight" theory has no basis in the law or facts. While the complaint generally alleges that HUD funded the Ninth Street Property and should have known that BOSS was not adequately operating the property, and that it therefore had some legal obligation, as a factual matter, HUD has not awarded BOSS any grants for the Ninth Street Property. Plaintiff has not refuted this evidence.

Even if sovereign immunity did not bar this suit, which it does, plaintiff has not alleged any specific acts by Ms. Feng regarding the Ninth Street Property. Nor does he allege any mandatory act that HUD failed to do. HUD is not involved in the facts giving rise to plaintiffs' allegations; thus, dismissal is proper on this basis as well.

**CONCLUSION**

In accordance with the foregoing, the complaint is DISMISSED in its entirety with regards to the federal defendant, because it does not comply with Federal rule of Civil Procedure 8(a), does not plead subject matter jurisdiction, and fails to state a claim. Moreover, there is no basis on which plaintiff could plead and prove subject matter jurisdiction against the federal defendant. Accordingly, the dismissal is WITHOUT LEAVE TO AMEND. Furthermore, all remaining claims in this case against any and all defendants are DISMISSED WITHOUT LEAVE TO AMEND, as plaintiff failed to amend his complaint by June 14, 2007 as previously ordered by this court. This order terminates the case and any pending motions. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: June 25, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge